UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALI S. M.,

                Plaintiff,

v.                                                                                           1:20-CV-1487
                                                                                             (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC          KENNETH HILLER, ESQ.
  Counsel for Plaintiff                                              ANTHONY ROONEY, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                              KRISTINA COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**      **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1974. (T. 192.) He completed high school. (T. 197.) Generally, Plaintiff's alleged disability consists of "pain" in both knees and back, shoulder injury, and high blood pressure. (T. 196.) His alleged disability onset date is January 1, 2013. (T. 87.)

### B. Procedural History

On August 22, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 87.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 27, 2019, Plaintiff appeared before the ALJ, Stephan Bell. (T. 36-75.) On November 14, 2019, ALJ Bell issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-30.) On August 17, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 15-25.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 22, 2017. (T. 17.) Second, the ALJ found Plaintiff had the severe impairments of: degenerative joint disease of the bilateral knees, spondylosis and degenerative disc disease of the lumbar spine, and morbid obesity. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P,

Appendix. 1.  (T. 18.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except:

> [Plaintiff] can lift ten pounds occasionally and less than ten pounds frequently; [Plaintiff] can stand and walk for two hours; [Plaintiff] can climb ramps and stairs, kneel, crouch and crawl less than occasionally, never climb ladders, ropes, or scaffolds, and only occasionally balance or stoop; [Plaintiff] can occasionally work at unprotected heights, around moving mechanical parts, operate a motor vehicle, and work in vibration occasionally.

(T. 19.)[1]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 23-24.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ erred in failing to include any limitations on sitting in the RFC.  (Dkt. No. 13 at 9-14.)  Second, and lastly, Plaintiff argues the ALJ erred in evaluating Plaintiff's subjective complaints.  (*Id*. at 14-18.)  Plaintiff also filed a reply in which he deemed no reply necessary.  (Dkt. No. 15.)

### B.    Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ properly considered the medical opinion of record.  (Dkt. No. 14 at 10-14.)  Second, and

---

[1]    Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 416.967(a).

lastly, Defendant argues the ALJ properly evaluated Plaintiff's symptomatology. (*Id*. at 14-16.)

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

4

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.     ANALYSIS

### A.  Sedentary Work

Plaintiff argues the ALJ failed to include in the RFC determination the consultative examiner's opinion that Plaintiff had "mild to moderate" limitation in his ability to sit.  (Dkt. No. 13 at 9-18.)  For the reasons outlined below, the ALJ properly assessed Plaintiff's RFC based on the evidence in the record.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. § 416.945(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC.  *Id*. § 416.946(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. § 416.912(c); *see Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ).

In general, sedentary work requires an individual to "remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals."  SSR 96-9p (S.S.A. July 2, 1996); *see Natasha D. v. Comm'r of Soc. Sec.*, No. 19-CV-515, 2020 WL 1862966, at *9 (N.D.N.Y. Apr. 13, 2020) (same).  It does not require a worker "to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight."  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004).

Consultative examiner, Nikita Dave, M.D., examined Plaintiff on November 30, 2017, and provided a medical source statement.  (T. 451-454.)  On exam, Dr. Dave observed full range of motion in Plaintiff's spine, upper extremities, and lower

extremities.  (T. 453.)  She also observed Plaintiff's gait and stance were remarkable for "severe right knee valgus and moderately severe left knee valgus" and "slight right knee recurvatum with gait."  (T. 452.)  She noted Plaintiff was able to walk on heels and toes; squat less than 1/8th down, used no assistive devices, needed no help changing for exam or getting on and off exam table, and was able to rise from a chair without difficulty.  (*Id*.)

Dr. Dave opined "there may be mild to moderate limitations for prolonged sitting, standing, walking, climbing, lifting, carrying, pushing, and pulling."  (T. 454.)  Although the ALJ noted the terms "mild" and "moderate" were vague, the ALJ determined Dr. Dave's opinion was "somewhat persuasive."  (T. 22.)  The ALJ considered Dr. Dave's status as an acceptable medical source with program knowledge who examined Plaintiff and the ALJ concluded the opinion was consistent with clinical findings, treatment records, and Plaintiff's activities of daily living.  (T. 22-23.)  The ALJ also found the opinion of non-examining State agency medical examiner, Gary Ehlert, M.D. "somewhat persuasive."  (*Id*.)  Dr. Ehlert opined Plaintiff could perform the exertional demands of sedentary work.  (T. 93.)

Plaintiff argues, "the ALJ found [Dr. Dave's] opinion vague, but partially persuasive, but in determining the residual functional capacity did not incorporate a sitting limitation into it, nor did [he] explain why this limitation was not included in the residual functional capacity."  (Dkt. No. 13 at 9.)  Essentially, Plaintiff argues a mild to moderate limitation in prolonged sitting is inconsistent with sedentary work.  *See Lisa P. v. Comm'r of Soc. Sec.,* No. 19-CV-1155, 2021 WL 826715, at *3 (W.D.N.Y. Mar. 4, 2021).  Plaintiff's "disagreement is with the ALJ's weighing of the evidence, but the

deferential standard of review prevents us from reweighing it." *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016).

In general, mild limitations for sitting are consistent with the demand of sedentary work. *Heaman v. Berryhill*, 765 F. App'x 498, 500 (2d Cir. 2019). Further, a moderate limitation in the ability to sit does not necessarily preclude a finding that Plaintiff can meet the sitting demands of sedentary work. *Lisa P.*, 2021 WL 826715, at *3, (collecting cases); see also *Kimberley H. v. Comm'r of Soc. Sec.*, No. 19-CV-6766, 2021 WL 1054373, at *4 (W.D.N.Y. Mar. 19, 2021) (quoting *Josielewski v. Berryhill*, No. 15-cv-00728, 2018 WL 903471, at *5 (W.D.N.Y. February 15, 2018) ("an assessment of moderate to marked limitations for prolonged sitting is consistent with a finding that a claimant can perform sedentary work.")).

Here, the ALJ incorporated Dr. Dave's "mild to moderate" limitation in "prolonged sitting" into his RFC, together with the opinion of Dr. Ehlert and other objective medical evidence in the record. As outlined by the ALJ, the RFC for sedentary work is supported by Dr. Dave's opined "mild to moderate" limitations in prolonged sitting, Dr. Ehlert's opinion Plaintiff could sit up to six hours in an eight-hour workday, objective findings on exam, and Plaintiff's activities of daily living. (T. 21-23.)

Plaintiff does not offer any evidence of greater sitting limitations than provided by the ALJ. Plaintiff only argues that the ALJ's RFC failed to account for Dr. Dave's sitting restriction. To the contrary, the ALJ adopted the sitting restriction and construed it to be consistent with the RFC determination. *Lisa P.,* 2021 WL 826715, at *4. Therefore, the ALJ's determination that Plaintiff could perform the sitting requirement of sedentary

work was proper and supported by substantial evidence in the record, including Dr. Dave's opinion.

### B. Subjective Statements

Plaintiff argues the ALJ erred in considering his activities of daily living and objective medical evidence in assessing his subjective statements. (Dkt. No. 13 at 14-18.) A review of the ALJ's decisions and the evidence in the record indicates the ALJ properly considered Plaintiff's activities of daily living and the objective medical evidence in the record in assessing Plaintiff's subjective complaints and substantial evidence supported the ALJ's determination.

The ALJ must employ a two-step analysis to evaluate plaintiff's reported symptoms. *See* 20 C.F.R. § 416.929. First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." *Id*. § 416.929(a). Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit plaintiff's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication plaintiff takes or has taken to relieve his pain or other symptoms; (5) other treatment plaintiff receives or has received to relieve his pain or other symptoms; (6) any measures that plaintiff takes or has taken to relieve his pain or

other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to his pain or other symptoms.  20 C.F.R. § 416.929(c)(3)(i)-(vii).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (T. 20.) The ALJ considered Plaintiff's activities, such as his ability to care for his own needs and provide assistance to his elderly mother.  (*Id*.); 20 C.F.R. § 416.929(c)(3)(i).  The ALJ also considered the objective medical evidence in the record, namely objective imaging and Plaintiff's conservative treatment.  (T. 21); 20 C.F.R. § 416.929(c)(3)(iv)-(vi).  Lastly, the ALJ considered the medical opinion evidence in the record.  (T. 21-22); 20 C.F.R. § 416.929(c)(3)(v)-(vii).

Plaintiff argues his activities of daily living do not by themselves contradict his claim of disability.  (Dkt. No. 13 at 17.)  In support of his argument, Plaintiff relies on *Miller v. Colvin*, 122 F.Supp.3d 23, 29-30 (W.D.N.Y. 2015).  (*Id*.)  In *Miller*, the Court determined the ALJ erred in discounting a treating source's "detailed assessment" of impairments based solely on the plaintiff's activities of daily living which the ALJ failed to define.  *Miller*, 122 F. Supp. 3d at 29.  Here, unlike in *Miller*, the ALJ did not discredit a treating source opinion based on undefined activities of daily living.  The ALJ properly determined Plaintiff's daily activities, which he thoroughly and accurately summarized, were inconsistent with Plaintiff's statements concerning the limiting effects of his symptoms.  (T. 20.)  The ALJ is entitled to consider a plaintiff's daily activities in conjunction with the medical evidence of record.  See *Medina v. Comm'r of Soc. Sec.*,

10

831 F. App'x 35, 36 (2d Cir. 2020) (allowing ALJ to consider daily activities in determining consistency with alleged symptoms).

Plaintiff also argues the ALJ improperly relied on imagining in assessing Plaintiff's subjective complaints because "as a layperson, the ALJ would need a medical source's opinion" in order to rely on such reports in assessing Plaintiff's functional abilities. (Dkt. No. 13 at 17.) Contrary to Plaintiff's assertion, the ALJ did not improperly rely on his lay interpretation of objective medical imaging in assessing Plaintiff's complaints.

The ALJ noted objective imagining as part of his overall analysis of Plaintiff's subjective complaints. (T. 21.) Per the regulations, the ALJ must take objective medical evidence into consideration in determining whether Plaintiff's impairments could reasonably be expected to produce pain and other symptoms. 20 C.F.R. § 416.929(a). The ALJ must then evaluate the intensity, persistence, and limiting effects of those symptoms based on various factors, including treatment received. *Id*. § 416.929(c)(3)(iii). There is no indication from the reading of the ALJ's decision that he improperly interpreted objective imagining. In addition to medical imaging, the ALJ considered objective evidence such as Plaintiff's "limited and routine conversative treatment," emergency room treatment, and a two month stay at a rehabilitation center. (T. 21.) "Considering the deferential standard of review, the ALJ did not err in finding that the limitations described by [Plaintiff] did not fully match the medical records provided." *Snyder v. Saul*, 840 F. App'x 641, 644 (2d Cir. 2021). Overall, the ALJ properly assessed Plaintiff's subjective complaints and his determination was supported by substantial evidence.

The Court cannot set aside the Commissioner's disability determination unless it finds that the decision is based on either legal error or factual findings that are unsupported by substantial evidence.  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: January 3, 2022

_____
William B. Mitchell Carter
U.S. Magistrate Judge